UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS PANCHO, | No.  2:13-cv-1894 KJN P |
| Petitioner, | |
| v. | ORDER |
| GARY SWARTHOUT, Warden, et al., | |
| Respondents. | |

I. Introduction

Petitioner, a state prisoner proceeding without counsel, has filed an application to proceed in forma pauperis, together with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2010 decision of the California Board of Parole Hearings (Board), denying petitioner parole. Petitioner has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes.[1] Petitioner is serving a life sentence with the possibility of parole, following his 2001 convictions on the crimes of kidnapping for carjacking and kidnapping for robbery.

Petitioner contends that the Board's decision is not supported by "some evidence" that petitioner's release would pose a danger to society, and thus violates petitioner's federal constitutional right to due process. Petitioner also contends that the Board's application of

---

[1] Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes. See 28 U.S.C. § 636(c); Local Rule 305(a). (See ECF No. 8.)

1

1  California's "Marsy's Law," to delay for seven years a subsequent parole hearing, violates the
2  Constitution's Ex Post Facto Clause.  Petitioner's related state petition for writ of habeas corpus,
3  filed in the California Supreme Court, was summarily denied on October 31, 2012.  (ECF No. 2-8
4  at 6.)

5      Review of the federal habeas petition and attached exhibits demonstrates that petitioner is
6  not entitled to relief on the grounds alleged, thus requiring dismissal of the petition.  See Rule 4,
7  Rules Governing Section 2254 Cases in the United States District Courts ("[i]f it plainly appears
8  from the petition and any attached exhibits that the petitioner is not entitled to relief in the district
9  court, the judge must dismiss the petition . . . .").

10 II.  Due Process

11     Petitioner contends that the Board's September 15, 2010 decision denying him parole is
12 not supported by "some evidence" that petitioner's release would pose a danger to society, as
13 required by state law, and therefore violates petitioner's federal constitutional right to due
14 process.

15     The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives
16 a person of life, liberty, or property without due process of law.  A prisoner alleging a due process
17 violation must demonstrate that he was deprived of a liberty interest protected by the Due Process
18 Clause, then show that the procedures resulting in the deprivation of that interest were
19 constitutionally inadequate.  Kentucky Department of Corrections v. Thompson, 490 U.S. 454,
20 459-60 (1989).

21     A protected liberty interest may arise from the Due Process Clause either "by reason of
22 guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws
23 or policies."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted).  The United
24 States Constitution does not, of its own force, create a protected liberty interest in a parole date,
25 even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates
26 of Nebraska, 442 U.S. 1, 7 (1979) (there is "no constitutional or inherent right of a convicted
27 person to be conditionally released before the expiration of a valid sentence").  However, "a
28 state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release

1    will be granted' when or unless certain designated findings are made, and thereby gives rise to a
2    constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen,
3    482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption
4    that parole release will be granted when the designated findings are made.).

5         Therefore, California's parole statutes give rise to a liberty interest in parole protected by
6    the federal Due Process Clause. Swarthout v. Cooke, 131 S. Ct. 859 (2011). In California, a
7    prisoner is entitled to release on parole unless there is "some evidence" of his or her current
8    dangerousness. In re Lawrence, 44 Cal. 4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29
9    Cal. 4th 616, 651-53 (2002). However, the United States Supreme Court has held that "[n]o
10   opinion of [theirs] supports converting California's 'some evidence' rule into a substantive
11   federal requirement." Swarthout, 131 S. Ct. at 862. In other words, the Court specifically
12   rejected the notion that there can be a valid claim under the Fourteenth Amendment for
13   insufficiency of evidence relied upon to make a parole decision. Id. at 863-64. Rather, the
14   protection afforded by the federal Due Process Clause to California parole decisions consists
15   solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an
16   opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. at 862-63.
17   Thus, "the beginning and the end of the federal habeas courts' inquiry" is whether petitioner
18   received "the minimum procedures adequate for due-process protection." Id. at 862.

19        Petitioner has submitted the transcript of the Board's September 15, 2010 hearing and
20   decision. (See ECF No. 2-2 at 12 through ECF No. 2-7 at 9.) Review of the transcript
21   demonstrates that petitioner had an opportunity to be heard and was given a statement of the
22   reasons why parole was denied. Petitioner was present at the hearing, represented by counsel and
23   assisted by an interpreter; petitioner received the pertinent materials before the hearing and had
24   adequate time to review them; petitioner testified and responded to the Board's questions;
25   petitioner and his counsel each made comprehensive closing statements; and the Board stated on
26   the record the reasons for its decision denying parole.

27        According to the United States Supreme Court, the federal Due Process Clause requires
28   no more. As the Supreme Court stated in Swarthout: "In Greenholtz, we found that a prisoner

subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. 'The Constitution, we held, 'does not require more.'" Swarthout, 131 S. Ct. at 162 (quoting Greenholtz, 442 U.S. at 16).

For these reasons, this court finds that petitioner is not entitled to relief based on his federal due process claim.[2]

### III. Marsy's Law

Petitioner next contends that the Board's application of "Marsy's Law" (adopted by the voters pursuant to Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law"), to delay for seven years his next parole hearing, violates the Ex Post Facto Clause of the United States Constitution.

Prior to the enactment of "Marsy's Law," subsequent parole hearings for indeterminately-sentenced inmates, like petitioner, had to be convened within one year unless the Board found, with stated reasons, that it was unreasonable to expect that parole could be granted the following year; in such instances, the next parole hearing could be deferred for a period up to five years. Cal. Penal Code § 3041.5(b)(2) (2008). Now, Marsy's Law authorizes deferral of a subsequent parole hearing for a period up to fifteen years. Cal. Pen. Code, § 3041.5(b)(3) (2009). The shortest interval that the Board may set is three years, based on a finding that the prisoner "does not require a more lengthy period of incarceration . . . than seven additional years." Id., § 3041.5(b)(3)(C). Under the terms of the amended statute, petitioner's next parole hearing was deferred for a period of seven years.

////

---

[2] Petitioner also asserts that the Board improperly relied on the immutable characteristics of the crime for which he was convicted, and his past criminal history. This argument also fails to demonstrate a federal due process violation. As emphasized herein, this court's review of the Board's denial of parole is limited to the very narrow question whether petitioner received adequate process at the parole hearing. "Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioner] received, not whether the state court [and Board] decided the case correctly." Swarthout, 131 S. Ct. at 863. Therefore, this court is without authority, pursuant to a federal due process claim, to consider whether California's "some evidence" standard was correctly applied. Id. at 861.

The federal Constitution provides that, "No State shall . . . pass any . . . ex post facto Law." U.S. Const., art. I, § 10. A law violates the Ex Post Facto Clause if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 52 (1990). The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (citations and internal quotations omitted); see also California Department of Corrections v. Morales, 514 U.S. 499, 504 (1995). The Ex Post Facto Clause is also violated if: (1) state regulations have been applied retroactively to a defendant; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the defendant's crimes. Himes, 336 F.3d at 854.

Significantly, not every law that disadvantages a defendant is a prohibited ex post facto law. The retroactive application of a change in state parole procedures constitutes an ex post facto law only if there exists a "significant risk" that such application will increase the punishment for the crime. See Garner v. Jones, 529 U.S. 244, 255 (2000). Previous amendments to California Penal Code § 3041.5, allowing for longer periods of time between parole suitability hearings, have been upheld against challenges that they violated the Ex Post Facto Clause. See Morales, 514 U.S. at 509 (1981 amendment to § 3041.5, which increased maximum deferral period of parole suitability hearings to five years, did not violate the Ex Post Facto Clause because it simply altered the method of setting a parole release date and did not create a meaningful "risk of increasing the measure of punishment attached to the covered crimes"); Watson v. Estelle, 886 F.2d 1093, 1097-98 (9th Cir.1989) (not a violation of the Ex Post Facto Clause to apply § 3041.5(b)(2)(A) to prisoners sentenced to life imprisonment prior to implementation of California's Determinate Sentence Law in 1977); Clifton v. Attorney General Of the State of California, 997 F.2d 660, 662 n.1 (9th Cir. 1993) (same); see also Garner, 529 U.S. at 249 (upholding Georgia's change in the frequency of parole hearings for prisoners serving life sentences, from three to eight years, in an action brought pursuant to 42 U.S.C. § 1983).

////

5

This court has reviewed the facts underlying petitioner's Ex Post Facto claim, as well as clearly established federal law as determined by the Supreme Court, and California statutes and regulations related to the frequency of subsequent parole hearings, and finds that this claim is without merit. As in Morales and Garner, the Board can expedite an earlier suitability hearing for petitioner if deemed appropriate. See Cal. Penal Code § 3041.5(b)(4) ("The board may in its discretion . . . advance a hearing . . . when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration ...."); see also id., § 3041.5(d)(1) ("An inmate may request that the board exercise its discretion to advance a hearing . . . .").

For these reasons, the court finds that petitioner is not entitled to habeas corpus relief on his ex post facto claim.[3]

---

[3] Petitioner is informed that a civil rights class action pending in this court, filed pursuant to 42 U.S.C. § 1983, is examining whether "Marsy's Law" violates the Ex Post Facto Clause of the Constitution. The action is Gilman v. Fisher, Case No. 2:05-cv-0830 LKK CKD P, and the classes of persons identified as plaintiffs therein are: (1) "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008;" (2) "all California state prisoners who have been sentenced to a life term with possibility of parole and have reached eligibility for a parole consideration hearing;" and (3) "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." (See id., Order filed April 25, 2011, ECF No. 340 at 2.) Petitioner may be a member of one or more of these classes. However, a member of a class action may not pursue an individual action for equitable relief that is also sought by the class. See, e.g., Crawford v. Bell, 599 F.2d 890, 892–93 (9th Cir. 1979).

The district judge presiding over the Gilman case recently noted in pertinent part:

> The California Supreme Court recently decided, in a habeas case, that Marsy's Law does not violate the Ex Post Facto Clause of the U.S. Constitution, on its face . . . . In re Vicks, 56 Cal. 4th 274 (2013). . . . [However,] the court decline[d] to undertake an analysis of whether Marsy's Law violated ex post facto principles as it is being applied to life prisoners whose commitment offenses occurred before the passage of Marsy's Law. . . . Accordingly, the question that is before this court is the very question the California Supreme Court declined to rule upon. In any event, while this court accords great respect to a constitutional decision of the state's highest court, this court is not bound by its interpretation of the federal Constitution. See Bittaker v. Enomoto, 587 F.2d 400, 402 n.1 (9th Cir. 1978), cert. denied, 441 U.S. 913 (1979).

Gilman v. Brown, 2013 WL 1904424, *1 n.7 (E.D. Cal. May 7, 2013).

IV.  Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 9), is granted; and

2. This action is dismissed with prejudice, pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

Dated:  October 24, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/panc1894.scrn.parole