1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSE LUIS PANCHO,                              No.  2:13-cv-1894 KJN P

12                    Petitioner,

13           v.                                      ORDER

14    GARY SWARTHOUT, Warden, et al.,

15                    Respondents.

16

17    I.  Introduction

18           Petitioner, a state prisoner proceeding without counsel, has filed an application to proceed

19    in forma pauperis, together with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,

20    challenging a 2010 decision of the California Board of Parole Hearings (Board), denying

21    petitioner parole.  Petitioner has consented to the jurisdiction of the undersigned Magistrate Judge

22    for all purposes.[1]  Petitioner is serving a life sentence with the possibility of parole, following his

23    2001 convictions on the crimes of kidnapping for carjacking and kidnapping for robbery.

24           Petitioner contends that the Board's decision is not supported by "some evidence" that

25    petitioner's release would pose a danger to society, and thus violates petitioner's federal

26    constitutional right to due process.  Petitioner also contends that the Board's application of

27    ─────────────────────

28    [1] Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes.
      See 28 U.S.C. § 636(c); Local Rule 305(a).  (See ECF No. 8.)

                                              1

1   California's "Marsy's Law," to delay for seven years a subsequent parole hearing, violates the

2   Constitution's Ex Post Facto Clause.  Petitioner's related state petition for writ of habeas corpus,

3   filed in the California Supreme Court, was summarily denied on October 31, 2012.  (ECF No. 2-8

4   at 6.)

5         Review of the federal habeas petition and attached exhibits demonstrates that petitioner is

6   not entitled to relief on the grounds alleged, thus requiring dismissal of the petition.  See Rule 4,

7   Rules Governing Section 2254 Cases in the United States District Courts ("[i]f it plainly appears

8   from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

9   court, the judge must dismiss the petition . . . .").

10   II.  Due Process

11         Petitioner contends that the Board's September 15, 2010 decision denying him parole is

12   not supported by "some evidence" that petitioner's release would pose a danger to society, as

13   required by state law, and therefore violates petitioner's federal constitutional right to due

14   process.

15         The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives

16   a person of life, liberty, or property without due process of law.  A prisoner alleging a due process

17   violation must demonstrate that he was deprived of a liberty interest protected by the Due Process

18   Clause, then show that the procedures resulting in the deprivation of that interest were

19   constitutionally inadequate.  Kentucky Department of Corrections v. Thompson, 490 U.S. 454,

20   459-60 (1989).

21         A protected liberty interest may arise from the Due Process Clause either "by reason of

22   guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws

23   or policies."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted).  The United

24   States Constitution does not, of its own force, create a protected liberty interest in a parole date,

25   even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates

26   of Nebraska, 442 U.S. 1, 7 (1979) (there is "no constitutional or inherent right of a convicted

27   person to be conditionally released before the expiration of a valid sentence").  However, "a

28   state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release

1  will be granted' when or unless certain designated findings are made, and thereby gives rise to a

2  constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen,

3  482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption

4  that parole release will be granted when the designated findings are made.).

5         Therefore, California's parole statutes give rise to a liberty interest in parole protected by

6  the federal Due Process Clause. Swarthout v. Cooke, 131 S. Ct. 859 (2011).  In California, a

7  prisoner is entitled to release on parole unless there is "some evidence" of his or her current

8  dangerousness.  In re Lawrence, 44 Cal. 4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29

9  Cal. 4th 616, 651-53 (2002).  However, the United States Supreme Court has held that "[n]o

10  opinion of [theirs] supports converting California's 'some evidence' rule into a substantive

11  federal requirement." Swarthout, 131 S. Ct. at 862.  In other words, the Court specifically

12  rejected the notion that there can be a valid claim under the Fourteenth Amendment for

13  insufficiency of evidence relied upon to make a parole decision. Id. at 863-64.  Rather, the

14  protection afforded by the federal Due Process Clause to California parole decisions consists

15  solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an

16  opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. at 862-63.

17  Thus, "the beginning and the end of the federal habeas courts' inquiry" is whether petitioner

18  received "the minimum procedures adequate for due-process protection." Id. at 862.

19         Petitioner has submitted the transcript of the Board's September 15, 2010 hearing and

20  decision. (See ECF No. 2-2 at 12 through ECF No. 2-7 at 9.)  Review of the transcript

21  demonstrates that petitioner had an opportunity to be heard and was given a statement of the

22  reasons why parole was denied.  Petitioner was present at the hearing, represented by counsel and

23  assisted by an interpreter; petitioner received the pertinent materials before the hearing and had

24  adequate time to review them; petitioner testified and responded to the Board's questions;

25  petitioner and his counsel each made comprehensive closing statements; and the Board stated on

26  the record the reasons for its decision denying parole.

27         According to the United States Supreme Court, the federal Due Process Clause requires

28  no more.  As the Supreme Court stated in Swarthout: "In Greenholtz, we found that a prisoner

3

1    subject to a parole statute similar to California's received adequate process when he was allowed

2    an opportunity to be heard and was provided a statement of the reasons why parole was denied.

3    'The Constitution, we held, 'does not require more.'"  Swarthout, 131 S. Ct. at 162 (quoting

4    Greenholtz, 442 U.S. at 16).

5          For these reasons, this court finds that petitioner is not entitled to relief based on his

6    federal due process claim.[2]

7    III.  Marsy's Law

8          Petitioner next contends that the Board's application of "Marsy's Law" (adopted by the

9    voters pursuant to Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law"), to

10   delay for seven years his next parole hearing, violates the Ex Post Facto Clause of the United

11   States Constitution.

12         Prior to the enactment of "Marsy's Law," subsequent parole hearings for indeterminately-

13   sentenced inmates, like petitioner, had to be convened within one year unless the Board found,

14   with stated reasons, that it was unreasonable to expect that parole could be granted the following

15   year; in such instances, the next parole hearing could be deferred for a period up to five years.

16   Cal. Penal Code § 3041.5(b)(2) (2008).  Now, Marsy's Law authorizes deferral of a subsequent

17   parole hearing for a period up to fifteen years.  Cal. Pen. Code, § 3041.5(b)(3) (2009).  The

18   shortest interval that the Board may set is three years, based on a finding that the prisoner "does

19   not require a more lengthy period of incarceration . . . than seven additional years."  Id., §

20   3041.5(b)(3)(C).  Under the terms of the amended statute, petitioner's next parole hearing was

21   deferred for a period of seven years.

22   ////

23

24   [2]  Petitioner also asserts that the Board improperly relied on the immutable characteristics of the
     crime for which he was convicted, and his past criminal history.  This argument also fails to
     demonstrate a federal due process violation.  As emphasized herein, this court's review of the

25   Board's denial of parole is limited to the very narrow question whether petitioner received
     adequate process at the parole hearing.  "Because the only federal right at issue is procedural, the

26   relevant inquiry is what process [petitioner] received, not whether the state court [and Board]
     decided the case correctly."  Swarthout, 131 S. Ct. at 863.  Therefore, this court is without

27   authority, pursuant to a federal due process claim, to consider whether California's "some
     evidence" standard was correctly applied.  Id. at 861.

28
                                                4

1    The federal Constitution provides that, "No State shall . . . pass any . . . ex post facto

2  Law." U.S. Const., art. I, § 10.  A law violates the Ex Post Facto Clause if it:  (1) punishes as

3  criminal an act that was not criminal when it was committed; (2) makes a crime's punishment

4  greater than when the crime was committed; or (3) deprives a person of a defense available at the

5  time the crime was committed.  Collins v. Youngblood, 497 U.S. 37, 52 (1990).  The Ex Post

6  Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the

7  punishment for criminal acts."  Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (citations

8  and internal quotations omitted); see also California Department of Corrections v. Morales, 514

9  U.S. 499, 504 (1995).  The Ex Post Facto Clause is also violated if:  (1) state regulations have

10  been applied retroactively to a defendant; and (2) the new regulations have created a "sufficient

11  risk" of increasing the punishment attached to the defendant's crimes.  Himes, 336 F.3d at 854.

12    Significantly, not every law that disadvantages a defendant is a prohibited ex post facto

13  law.  The retroactive application of a change in state parole procedures constitutes an ex post

14  facto law only if there exists a "significant risk" that such application will increase the

15  punishment for the crime.  See Garner v. Jones, 529 U.S. 244, 255 (2000).  Previous amendments

16  to California Penal Code § 3041.5, allowing for longer periods of time between parole suitability

17  hearings, have been upheld against challenges that they violated the Ex Post Facto Clause.  See

18  Morales, 514 U.S. at 509 (1981 amendment to § 3041.5, which increased maximum deferral

19  period of parole suitability hearings to five years, did not violate the Ex Post Facto Clause

20  because it simply altered the method of setting a parole release date and did not create a

21  meaningful "risk of increasing the measure of punishment attached to the covered crimes");

22  Watson v. Estelle, 886 F.2d 1093, 1097-98 (9th Cir.1989) (not a violation of the Ex Post Facto

23  Clause to apply § 3041.5(b)(2)(A) to prisoners sentenced to life imprisonment prior to

24  implementation of California's Determinate Sentence Law in 1977); Clifton v. Attorney General

25  Of the State of California, 997 F.2d 660, 662 n.1 (9th Cir. 1993) (same); see also Garner, 529

26  U.S. at 249 (upholding Georgia's change in the frequency of parole hearings for prisoners serving

27  life sentences, from three to eight years, in an action brought pursuant to 42 U.S.C. § 1983).

28  ////

1    This court has reviewed the facts underlying petitioner's Ex Post Facto claim, as well as

2    clearly established federal law as determined by the Supreme Court, and California statutes and

3    regulations related to the frequency of subsequent parole hearings, and finds that this claim is

4    without merit.  As in <u>Morales</u> and <u>Garner</u>, the Board can expedite an earlier suitability hearing for

5    petitioner if deemed appropriate.  <u>See</u> Cal. Penal Code § 3041.5(b)(4) ("The board may in its

6    discretion . . . advance a hearing . . . when a change in circumstances or new information

7    establishes a reasonable likelihood that consideration of the public and victim's safety does not

8    require the additional period of incarceration ...."); <u>see</u> <u>also</u> <u>id.</u>, § 3041.5(d)(1) ("An inmate may

9    request that the board exercise its discretion to advance a hearing . . . .").

10    For these reasons, the court finds that petitioner is not entitled to habeas corpus relief on

11    his ex post facto claim. [3]

12
13
---

[3]  Petitioner is informed that a civil rights class action pending in this court, filed pursuant to 42
U.S.C. § 1983, is examining whether "Marsy's Law" violates the Ex Post Facto Clause of the
Constitution.  The action is <u>Gilman v. Fisher</u>, Case No. 2:05-cv-0830 LKK CKD P, and the
classes of persons identified as plaintiffs therein are:  (1) "all California state prisoners who have
been sentenced to a life term with possibility of parole for an offense that occurred before
November 4, 2008;" (2) "all California state prisoners who have been sentenced to a life term
with possibility of parole and have reached eligibility for a parole consideration hearing;" and
(3) "all California state prisoners who have been sentenced to a life term with possibility of parole
for an offense that occurred before November 4, 2008."  (<u>See</u> <u>id.</u>, Order filed April 25, 2011, ECF
No. 340 at 2.)  Petitioner may be a member of one or more of these classes.  However, a member
of a class action may not pursue an individual action for equitable relief that is also sought by the
class.  <u>See</u>, <u>e.g.</u>, <u>Crawford v. Bell</u>, 599 F.2d 890, 892–93 (9th Cir. 1979).

14
15
16
17
18

19    The district judge presiding over the <u>Gilman</u> case recently noted in pertinent part:

20          The California Supreme Court recently decided, in a habeas case,
          that Marsy's Law does not violate the Ex Post Facto Clause of the
21          U.S. Constitution, on its face . . . . <u>In re Vicks</u>, 56 Cal. 4th 274
          (2013). . . . [However,] the court decline[d] to undertake an analysis
22          of whether Marsy's Law violated ex post facto principles as it is
          being applied to life prisoners whose commitment offenses
23          occurred before the passage of Marsy's Law. . . . Accordingly, the
          question that is before this court is the very question the California
24          Supreme Court declined to rule upon.  In any event, while this court
          accords great respect to a constitutional decision of the state's
25          highest court, this court is not bound by its interpretation of the
          federal Constitution.  <u>See</u> <u>Bittaker v. Enomoto</u>, 587 F.2d 400, 402
26          n.1 (9th Cir. 1978), cert. denied, 441 U.S. 913 (1979).

27

<u>Gilman v. Brown</u>, 2013 WL 1904424, *1 n.7 (E.D. Cal. May 7, 2013).

28

6

IV.  Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Petitioner's application to proceed in forma pauperis (ECF No. 9), is granted; and

2.  This action is dismissed with prejudice, pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

Dated:  October 24, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/panc1894.scrn.parole

7